**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LONG HORIZON TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO GROUP LIMITED, LENOVO PC HK LTD., LENOVO (SHANGHAI) ELECTRONICS TECHNOLOGY CO. LTD., LENOVO (BEJING) LTD., LENOVO CENTRO TECNOLÓGICO S. DE R.L. DE C.V., and LENOVO GLOBAL TECHNOLOGY MONTERREY, S. DE R.L. DE C.V.,<br><br>Defendants. | ) | Case No. 2:26-cv-00<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Long Horizon Technologies LLC ("Long Horizon" or "Plaintiff") for its Complaint against Defendants Lenovo Group Limited, Lenovo PC HK Ltd., Lenovo (Shanghai) Electronics Technology Co. Ltd., Lenovo (Bejing) Ltd., Lenovo Centro Tecnológico S. de R.L. de C.V., and Lenovo Global Technology Monterrey, S. de R.L. de C.V. (collectively "Lenovo" or "Defendants") for patent infringement alleges as follows:

## THE PARTIES

1. Long Horizon is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Marshall, TX 75670.

2. On information and belief, Lenovo Group Limited ("Lenovo Group") is a corporation duly organized under the laws of Hong Kong, with a principal place of business at

23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong S.A.R. Lenovo Group, together with its subsidiaries and affiliates, manufactures and sells the Accused Products (defined below), including throughout the United States and within the State of Texas and the Eastern District of Texas in particular, and it places such products into the stream of commerce via established distribution channels with knowledge that such products will be sold and used throughout the United States, including within this District.

3. On information and belief, Lenovo PC HK Ltd. ("Lenovo PC") is a company organized under the laws of Hong Kong, with a principal place of business at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong S.A.R. On information and belief, Lenovo PC is involved with the manufacture and sale of Accused Products and shipment and/or importation of Accused Products into the United States.

4. On information and belief, Lenovo (Shanghai) Electronics Technology Co., Ltd. ("Lenovo Shanghai") is a company organized under the laws of the People's Republic of China, with a place of business at No. 68 Building, 199 Fenju Road, Wai Gao Qiao Free Trade Zone, Shanghai, 200131, China. On information and belief, Lenovo Shanghai is involved with the manufacture and sale of Accused Products and shipment and/or importation of Accused Products into the United States.

5. On information and belief, Lenovo (Beijing) Ltd. ("Lenovo Beijing") is a company organized under the laws of the People's Republic of China, with a principal place of business at No. 6, Chuangye Road, Shangdi, Haidian District, Beijing 100085, China. On information and belief, Lenovo Beijing is involved with the manufacture and sale of Accused Products and shipment and/or importation of Accused Products into the United States.

6. On information and belief, Lenovo Centro Tecnológico S. de R.L. de C.V. ("Lenovo Centro") is a company organized under the laws of Mexico, with a place of business at Boulevard Escobedo No. 316, Apodaca Technology Park, Apodaca, Nuevo León, Mexico (C.P. 66600/66627). On information and belief, Lenovo Centro is involved in at least the manufacture, shipment and/or importation of Accused Products into the United States.

7. On information and belief, Lenovo Global Technology Monterrey, S. de R.L. de C. V. ("Lenovo Global") is a company organized under the laws of Mexico, with a place of business at Boulevard Escobedo No. 316, Apodaca Technology Park, Apodaca, Nuevo León, Mexico (C.P. 66600/66627). On information and belief, Lenovo Global is involved in at least the manufacture, shipment and/or importation of Accused Products into the United States.

8. On information and belief, Lenovo Group owns, controls, and acts in concert with the other Lenovo entities identified in this Complaint and others to conduct the infringing sale, offer for sale, importation, use, and manufacture of the Accused Products in the United States. Lenovo oversees and administers a global supply chain through which the Accused Products are developed, manufactured, and delivered into the United States, including into the State of Texas and this District. At Lenovo's direction or under its control, the Accused Products are packaged, shipped, and sold to customers in the United States.

9. The parties to this action are properly joined under 35 U.S.C. § 299 because the right to relief asserted against Defendants jointly and severally arises out of the same series of transactions or occurrences relating to the making, using, offering to sell, selling and importing of the same products. Additionally, questions of fact common to all Defendants will arise in this action.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has specific and personal jurisdiction over the Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, the Defendants have sufficient minimum contacts with the forum because Defendants transact substantial business in the State of Texas and in this Judicial District. Further, the Defendants have, directly or through subsidiaries or intermediaries, committed and continue to commit acts of patent infringement in the State of Texas and in this Judicial District and elsewhere throughout the United States, as alleged in this Complaint. For example, on information and belief, the Accused Products are available for purchase in this Judicial District. Courts in Texas have found that Lenovo entities are subject to personal jurisdiction in Texas. *See, e.g., Eireog Innovations Ltd. v. Lenovo Grp. Ltd.*, No. 2:24-CV-00239-JRG , 2024 WL 4519763, at *6 (E.D. Tex. Oct. 16, 2024) ("[T]he Court finds that the exercise of personal jurisdiction over [Lenovo Group] is both reasonable and fair."); *AX Wireless LLC v. Lenovo Grp. Ltd.*, No. 2:22-cv-00280-RWS-RSP, Dkt. No. 110 (report and recommendation) (E.D. Tex. Sept. 6, 2023) ("[E]xercising personal jurisdiction [over Lenovo Group] would not offend traditional notions of fair place and substantial justice."); *ACQIS LLC v. Lenovo Grp. Ltd.*, 572 F. Supp. 3d 291, 307 (W.D. Tex. 2021) ("[T]his Court finds that the exercise of personal jurisdiction over [Lenovo Group] is both reasonable and fair."). To the extent at least Lenovo Group Ltd. has or will seek to contest personal jurisdiction, the Federal Circuit denied Lenovo Group Ltd.'s requests for a writ of mandamus seeking to challenge the findings of courts in this District, based on "open factual disputed as to whether [Lenovo] created, controls, or directs its

subsidiaries to place the allegedly infringing products into the stream of commerce in Texas." *In re Lenovo Grp. Ltd.*, No. 2025-111, 2025 WL 685914, at *1 (Fed. Cir. Mar. 4, 2025).

12. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and/or 1400(b) because, among other things, Defendants are not residents of the United States and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3), including in the Eastern District of Texas. Venue is also proper because Defendants through their own acts and/or through the acts of each other Defendant and others, make, use, sell, and/or offer to sell infringing products within this Judicial District, regularly do and solicit business in this Judicial District, and have the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.

13. In addition, or in the alternative, this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2).

**PATENTS-IN-SUIT**

14. On August 4, 2020, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,733,021 (the "'021 Patent") entitled "System of Cloud Computing and Method for Detaching Load in Cloud Computing System." A true and correct copy of the '021 Patent is available at: https://patentimages.storage.googleapis.com/3b/33/2d/6b255d778012b8/US10733021.pdf.

15. On May 5, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,738,894 (the "'894 Patent") entitled "Methods for Firmware Signature" A true and correct copy of the '894 Patent is available at: https://patentimages.storage.googleapis.com/0b/30/d1/7b497519855c4d/US8738894.pdf.

16. Long Horizon is the sole and exclusive owner of all right, title, and interest in the

’021 Patent and the ’894 Patent (collectively, the “Patents-in-Suit” or “Asserted Patents”) and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Long Horizon also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit and to seek injunctive relief as appropriate under the law.

17. Long Horizon has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

## FACTUAL ALLEGATIONS

18. The ’021 Patent generally relates to systems and methods for distributing cloud-computing workloads. The technology described in the ’021 Patent was developed by Eui Nam Huh, Yunkon Kim, Jun Young Byun. By way of example, this technology is implemented core, regional, and edge clouds to reduce network load and improve the speed and efficiency of providing cloud services to client devices.

19. The ’894 Patent generally relates to methods for installing embedded firmware. The technology described in the ’894 Patent was developed by inventors Brian A. Batke, Jack M. Visoky, James J. Kay, Scott A. Mintz, and William B. Cook. By way of example, this technology is implemented methods that associate one or more digital certificate instances with one or more firmware file instances to update or facilitate the update of signature-unaware modules with signature-aware firmware.

20. Lenovo has infringed and continues to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products that infringe the Patents-in-Suit.

**<u>COUNT I</u>**
**(Infringement of the ’021 Patent)**

21. Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

22. Long Horizon has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the ’021 Patent.

23. Defendants have and continue to directly infringe the ’021 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the ’021 Patent. Such products include, but are not limited to, Lenovo ThinkEdge servers and Lenovo edge/hybrid-cloud solutions, including ThinkEdge SE-series servers, ThinkAgile MX/HX Edge systems, Lenovo Open Cloud Automation, TruScale Hybrid Cloud for Edge, and Lenovo 5G-in-a-Box solutions, among other Lenovo products.

24. For example, Defendants have and continue to directly infringe at least claim 10 of the ’021 Patent by making, using, offering to sell, selling, and/or importing into the United States such as the Lenovo ThinkEdge SE455 V3. The Lenovo ThinkEdge SE455 V3 is exemplary of how the other Lenovo products accused herein to infringe the ’021 Patent.

25. For example, the Lenovo ThinkEdge SE455 V3 performs a method of detaching load in a cloud computing system comprising a cloud server configured to provide a cloud service and a client terminal configured to request or be provided with the service, the cloud server and the client terminal connected over a particular network.

26. The Lenovo ThinkEdge SE455 V3 performs step no. 1 of arranging an edge cloud on a network node connected to the client terminal, the edge cloud formed with a particular cloud server (e.g., a Lenovo ThinkEdge SE455 V3 deployed as a mobile edge computing or edge-cloud

server connected to user equipment or other client devices).

27. The Lenovo ThinkEdge SE455 V3 performs step no. 2 of determining whether or not identification is possible for a cloud service request signal transmitted from a publisher client terminal among the client terminals at the edge cloud (e.g., NearbyOne or Red Hat OpenShift identifying a mobile edge computing or other cloud-service request at the Lenovo ThinkEdge SE455 V3 edge cloud).

28. The Lenovo ThinkEdge SE455 V3 performs step no. 3-1 of providing a cloud service corresponding to the request signal to a subscriber client terminal wishing to receive the cloud service if the cloud service corresponding to the request signal is being operated at a cloud server of the edge cloud, if it is determined in said step no. 2 that identification is possible for the request signal (e.g., the Lenovo ThinkEdge SE455 V3 locally providing an identified mobile edge computing, content-delivery-network, gaming, artificial-intelligence, or other edge service to a user or client device).

29. The Lenovo ThinkEdge SE455 V3 performs step no. 3-2 of transmitting the request signal to a core cloud connected to a cloud server and formed with a particular cloud server, if it is not determined in said step no. 2 that identification is possible for the request signal or if the cloud service corresponding to the request signal is not being operated at the cloud server of the edge cloud (e.g., NearbyOne or Red Hat OpenShift forwarding an unrecognized or unavailable edge-service request from the Lenovo ThinkEdge SE455 V3 to a regional or core cloud).

30. The Lenovo ThinkEdge SE455 V3 performs step no. 4-1 of, determining whether the edge cloud that has transmitted the request signal is connected to the subscriber client terminal, and transmitting a backward packet to the edge cloud that has transmitted the request signal based on the determining whether the edge cloud that has transmitted the request signal is connected to

the subscriber client terminal (e.g., the mobile edge computing or network stack determining connectivity of the subscriber client terminal through the originating edge cloud and conditionally routing return traffic to that edge cloud).

31. The Lenovo ThinkEdge SE455 V3 performs step no. 4-2 of identifying the request signal and providing the cloud service corresponding thereto to the subscriber client terminal.

32. Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, Lenovo has used the Accused Products in a manner that directly infringes at least the method claims of the ’021 Patent.

33. Defendants have and continue to indirectly infringe one or more claims of the ’021 Patent by knowingly and intentionally inducing others, including Lenovo customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

34. Defendants, with knowledge that these products, or the use thereof, infringe the ’021 Patent at least as of the date of this Complaint, have knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the ’021 Patent by providing these products to others for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their employees and agents not to review the patents of other, including specifically those related to Defendants’ specific industry, thereby remaining willfully blind to the ’021 Patent at least as early as the issuance of the ’021 Patent.

35. Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the ’021 Patent, but while remaining willfully

blind to the infringement. Defendants have and continue to induce infringement by their customers, partners, and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications, including the documents cited herein.

36. Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '021 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants' affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products such that the '021 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '021 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be specially made or adapted for use in the infringement of the '021 Patent. Defendants perform these affirmative acts with knowledge of the '021 Patent and with intent, or willful blindness, that they cause the direct infringement of the '021 Patent.

37. Long Horizon has suffered damages as a result of Defendants' direct and indirect infringement of the '021 Patent in an amount to be proven at trial.

38. Long Horizon has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '021 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

**COUNT II**
**(Infringement of the '894 Patent)**

39. Paragraphs 1 through 20 are incorporated by reference as if fully set forth herein.

40. Long Horizon has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the ’894 Patent.

41. Defendants have and continue to directly infringe the ’894 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the ’894 Patent. Such products include Lenovo products that that associate one or more digital certificate instances with one or more firmware file instances to update or facilitate the update of signature-unaware modules with signature-aware firmware, including but not limited to Lenovo Servers, such as the ThinkSystem and ThinkEdge servers incorporating XClarity Controller and ThinkShield Platform Firmware Resiliency/Platform Root of Trust, including at least the identified SR, ST, SD, SC, and SE series products, and Lenovo Laptops, including but not limited to Lenovo Thinkpad laptops, among other Lenovo products.

42. For example, Defendants have and continue to directly infringe at least claim 1 of the ’894 Patent by making, using, offering to sell, selling, and/or importing into the United States ThinkSystem SR250 V3. The ThinkSystem SR250 V3 is exemplary of how the other Lenovo products accused herein infringe the ’894 Patent.

43. For example, the ThinkSystem SR250 V3 performs a method that receives, by a first device, signature unaware firmware code (e.g., the Lenovo ThinkSystem SR250 V3 receiving a field-programmable gate array, legacy, or recovery firmware image authenticated by Lenovo ThinkShield Platform Firmware Resiliency and the Lenovo Platform Root of Trust); installing, by the first device via boot code, the signature unaware firmware code on the first device (e.g., Lenovo

XClarity Controller 2 and Unified Extensible Firmware Interface firmware installing the received firmware during boot or system maintenance mode), wherein the boot code is configured for installation of a signature aware firmware code and the signature unaware firmware code to the first device (e.g., Lenovo XClarity Controller 2 and Unified Extensible Firmware Interface firmware installing signature-aware Unified Extensible Firmware Interface firmware and field-programmable gate array or other firmware authenticated separately by Lenovo ThinkShield Platform Firmware Resiliency and the Lenovo Platform Root of Trust), wherein the installing the signature unaware firmware code further comprises verifying, via at least one feedback mechanism, that the signature unaware firmware code is received from a second device associated with a user that has physical access to the first device (e.g., Lenovo XClarity Controller 2 receiving firmware from an administrator workstation and verifying physical access through the Lenovo ThinkSystem SR250 V3 Force XClarity Controller Update jumper or another physical-presence mechanism).

44. Through demonstrations, testing, repairs, troubleshooting, training, and instructional guidance, Lenovo has used the Accused Products in a manner that directly infringes at least the method claims of the ’894 Patent.

45. Defendants have and continue to indirectly infringe one or more claims of the ’894 Patent by knowingly and intentionally inducing others, including Fortinet customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology.

46. Defendants, with knowledge that these products, or the use thereof, infringe the ’894 Patent at least as of the date of this Complaint, have knowingly and intentionally induced,

and continue to knowingly and intentionally induce, direct infringement of the ’894 Patent by providing these products to others for use in an infringing manner. Alternatively, on information and belief, Defendants have adopted a policy of not reviewing the patents of others, and instructing their employees and agents not to review the patents of other, including specifically those related to Defendants’ specific industry, thereby remaining willfully blind to the ’894 Patent at least as early as the issuance of the ’894 Patent.

47. Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the ’894 Patent, but while remaining willfully blind to the infringement. Defendants have and continue to induce infringement by its customers, partners, and end-users by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants’ website, product literature and packaging, and other publications, including the documents cited herein.

48. Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the ’894 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. Defendants’ affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others’ use and manufacture of the Accused Products such that the ’894 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the ’894 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by Defendants to be specially

made or adapted for use in the infringement of the ’894 Patent. Defendants perform these affirmative acts with knowledge of the ’894 Patent and with intent, or willful blindness, that they cause the direct infringement of the ’894 Patent.

49. Long Horizon has suffered damages as a result of Defendants’ direct and indirect infringement of the ’894 Patent in an amount to be proven at trial.

50. Long Horizon has suffered, and will continue to suffer, irreparable harm as a result of Defendants’ infringement of the ’894 Patent, for which there is no adequate remedy at law, unless Defendants’ infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Long Horizon prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c. An order awarding damages sufficient to compensate Long Horizon for Defendants’ infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Long Horizon its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated: October 29, 2026

Respectfully submitted,

*/s/ John Andrew Rubino*
John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
Michael Mondelli III
NY Bar No. 5805114
Email: mmondelli@rubinoip.com
**RUBINO IP**
1200 Harbor Blvd., 10th Floor
Weehawken Township, NJ 07086
Telephone: (201) 341-9445
Facsimile: (973) 535-0921

Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**Fabricant, Rubino & Lambrianakos LLP**
411 Theodore Fremd Road, Suite 206 South
Rye, NY 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

***ATTORNEYS FOR PLAINTIFF,***
***LONG HORIZON TECHNOLOGIES LLC***